IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GLORIA KING, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. H-25-4156 |
| § | |
| THE BANK OF NEW YORK § | |
| MELLON, *et. al.*, § | |
| § | |
| Defendants. § | |

## ORDER

Pending before the Court is Defendants Countrywide Home Loans, Inc. and America's Wholesale Lender's Motion to Dismiss (Document No. 10). Having considered the motion, submissions, and applicable law, the Court determines that the pending motion should be granted.

## I. BACKGROUND

This is a case regarding an alleged wrongful foreclosure. *Pro se* Plaintiff Gloria King ("King") brings suit to stop the foreclosure of her personal residence located at 3319 Ithaca Drive, Missouri City, Texas ("the Property").[1] King contends that on April 27, 2005, she acquired the property via a mortgage in the amount of $121,200.00 with Defendants America's Wholesale Lender, and Countrywide Home Loans, Inc. (hereinafter "Defendants"). King alleges that separate Defendants

---

[1] *See Plaintiff's Emergency Verified Civil Action Complaint*, Document No. 1 at 1.

previously dismissed in this case, The Bank of New York Mellon and Select Portfolio Servicing, Inc., now seek to foreclose on the Property wrongfully.

Based on the foregoing, on September 2, 2025, King filed suit, *pro se,* in this Court pursuant to federal question jurisdiction alleging claims for: (1) wrongful foreclosure; (2) breach of contract; (3) tortious interference; (4) due process violations; (5) defamation of character; and (6) emotional distress.[2] The Court construes all *pro se* filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). On September 22, 2025, Defendants filed a motion to dismiss King's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[3] King did not respond to the pending motion to dismiss within either the original response date required under the federal rules, or the date of this Order.

## II. STANDARD OF REVIEW

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than . . . 'labels and conclusions.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.*

---

[2] *See Plaintiff's Emergency Verified Civil Action Complaint*, Document No. 1 at 3–4.

[3] *See Defendant's Motion to Dismiss Complaint*, Document No. 10 at 1–10.

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555).

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breeches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558).

### III. LAW & ANALYSIS

Defendants move to dismiss King's complaint, contending that King fails to state a claim upon which relief can be granted. King did not respond to the motion to dismiss, failing to rebut or offer evidence to counter any of Defendants' contentions. Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition. S.D. Tex. Local R. 7.4. The Court construes all *pro se* filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Regardless of King's failure to respond to the motion to dismiss, the Court will consider the merits of the pending motion.

3

As an initial matter, Defendants contend that King fails to allege sufficient facts concerning any concrete or particularized injury caused by Defendants. Defendants further contend that the core of King's suit alleges that The Bank of New York Mellon, and its mortgage servicer, Select Portfolio Servicing, Inc., are the actors attempting to foreclose on King's residence. Defendants note for the Court that King's complaint fails to include any allegations addressing Defendants alleged role in the foreclosure. King offers no rebuttal.

To establish Article III standing, a plaintiff must "prove that he has suffered a concrete and particularized injury that is fairly traceable to the challenged conduct, and is likely to be redressed by a favorable judicial decision." *Hollingsworth v. Perry*, 570 U.S. 693, 704 (2013) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)). Here, an independent review of the record in this case demonstrates an absence of any allegation linking Defendants to the claims raised by King in her complaint. Accordingly, based on the Supreme Court's strong guidance that a plaintiff must show a concrete and particularized injury, the Court finds that King's claims against Defendants should be dismissed for failure to state a claim upon which relief can be granted. Accordingly, having considered the

4

motion, King's complaint, and applicable law, the Court finds that Defendants' pending motion to dismiss should be granted.[4]

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Defendants Countrywide Home Loans, Inc. and America's Wholesale Lender's Motion to Dismiss (Document No. 10) is **GRANTED**. The Court further

**ORDERS** that Plaintiff Gloria King's claims against Defendant Countrywide Home Loans, Inc. and America's Wholesale Lender are **DISMISSED**.

**THIS IS A FINAL JUDGMENT**.

SIGNED at Houston, Texas, on this 4 day of November, 2025.

DAVID HITTNER
United States District Judge

---

[4] Considering the Court's finding that Defendants' pending motion to dismiss should be granted for failure to state a concrete or particularized injury, the Court declines to consider Defendants' arguments related to the merits of each of King's six claims.